UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

15-CV-20353-Gayles/Turnoff

JOSE AGUIRRE,

    Plaintiff, on Behalf of a Putative Class,

 vs.

DRAFTKINGS, INC.

    Defendant.

_____/

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW CONCERNING VENUE ISSUE RAISED IN STATUS CONFERENCE

Plaintiff, Jose Aguirre, respectfully supplements his briefing on the issue of venue in light of arguments raised in the September 29, 2015 status conference concerning DraftKings' motion to compel arbitration, and states:

### Memorandum of Law

To the extent DraftKings argues that this Court should dismiss Plaintiff's claim based on improper venue, such is improper as untimely. Under the Federal Rules of Civil Procedure and uniform holdings of the Eleventh and First Circuit Courts of Appeals, DraftKings has waived this argument.

A motion alleging improper venue "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). With exceptions not relevant here, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "A party waives any defense listed in Rule 12(b)(2)-(5)"—including improper venue, listed in subsection (b)(3)—by failing to raise these defenses in its responsive pleading or

1



motion. Fed. R. Civ. P. 12(h). In argument before the Court, DraftKings indicated it has had "internal" discussions regarding the putative forum selection clause, demonstrating it had considered, but made the strategic decision not to, move to dismiss for improper venue. On June 2, 2015, DraftKings filed its motion to dismiss [ECF No. 16], asserting various Rule 12(b) defenses regarding the underlying merits and substance of plaintiff's claims. It contemplated that if the Court did not compel arbitration, it would rule on the merits of the motion to dismiss. DraftKings selectively asserted that "Plaintiff's claims are subject to dismissal under [Rules] 12(b)(1), 12(b)(6), and 9(b)," but chose not to request dismissal based on Rule 12(b)(3)—the improper venue defense. Because the "defense [of improper venue] was available to [DraftKings] but omitted from its earlier motion," DraftKings has "waived any defense listed in Rule 12(b)(2)-(5)," including improper venue. Fed. R. Civ. P. 12(h)(1).

The interpretive case law in the Eleventh Circuit Court of Appeals unambiguously supports this plain reading of the rule. *See, e.g., Aero Technologies, LLC v. Lockton Companies Intern. Ltd.*, 406 Fed. Appx. 440, 441 (11th Cir. 2010) ("This circuit has long recognized that venue is a personal privilege to be raised by motion and the privilege may be waived. We have further recognized that **for strategic reasons**, and otherwise, defendants often waive their defense of improper venue. Our circuit has never recognized extraordinary circumstances as grounds for overlooking a defendant's waiver of venue and we decline to do so here.") (internal citations and quotations omitted) (emphasis added); *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("Lack of personal jurisdiction and **improper venue, unlike lack of subject matter jurisdiction which requires dismissal on the court's own motion** if not raised by the parties, **are waivable** defects. Both defenses are **waived when a defendant files a responsive pleading or Rule 12 motion failing to assert them**.") (internal

2

citations omitted) (emphasis added).

The law in the First Circuit Court of Appeals—the court governing disputes in the putative contractual forum of Suffolk County, Massachusetts—is in harmony with the Eleventh Circuit. *See, e.g., R.F.C. v. Merryfield*, 134 F.2d 988, 990 (1st Cir. 1943) ("…[U]nder Rule 12(b) a party who has made a motion for dismissal on the ground that his adversary has failed to state a claim upon which relief can be granted **may not thereafter file a motion for a dismissal on the ground of improper venue. In such a case the first motion would constitute a waiver of the right to make the second motion**."). Here, DraftKings "made a motion for dismissal on the ground that [Plaintiff] failed to state a claim upon which relief can be granted," and "thereafter fil[ed] a motion for dismissal on the ground of improper venue." In filing the first motion and strategically choosing to forego raising improper venue, DraftKings waived the defense.

As Plaintiff's response in opposition to DraftKings' motion to compel arbitration demonstrates, the forum-selection clause, like the arbitration clause, is illusory, lacks consideration, and cannot be enforced. This gateway issue, like the fully briefed conflict between the litigation and arbitration clauses in the Terms of Use, is properly before the Court, not an arbitrator, pursuant to Supreme Court's decision in *Granite Rock Co. v. Int'l Bhd. Of Teamsters,* 561 U.S. 287, 299 (2010) (absent valid delegation clause, federal district courts, not arbitrators, are tasked with determining (a) whether parties agreed to arbitrate and (b) if so, whether the agreement is enforceable.). Plaintiff respectfully requests that the Court decide the arbitration issue on the merits and asks the Court to conclude—pursuant to the unvarying, controlling authorities—that DraftKings waived any right to assert improper forum as a defense.

CASE NO. 15-CV-20353-Gayles/Turnoff

## Conclusion

Based on all previously briefed arguments and the foregoing supplemental authorities, Plaintiff respectfully asks the Court to deny defendant's motion to compel arbitration, and further requests that the Court find that venue is proper in the Southern District of Florida.

Respectfully submitted,

MASE LARA, P.A.
*Attorneys for Plaintiff*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:      /s/ *Mason Kerns*
CURTIS J. MASE
Florida Bar No.: 478083
cmase@maselara.com
RICHARD D. LARA
Florida Bar No.: 987492
rlara@maselara.com
MASON KERNS
Florida Bar No.: 91754
mkerns@maselara.com
filing@maselara.com
mnorona@maselara.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2015, I served the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

 */s/ Mason Kerns*
MASON KERNS



**SERVICE LIST**

JORGE A. MESTRE, ESQUIRE
KADIAN BLANSON, ESQUIRE
**RIVERO MESTRE, LLP**
Attorneys for DraftKings, Inc.
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
jmestre@riveromestre.com
kblanson@riveromestre.com
npuentes@riveromestre.com
evonderosten@riveromestre.com
receptionist@riveromestre.com

AUSTIN SCHWING, ESQUIRE
TIMOTHY W. LOOSE, ESQUIRE
JAMES P. FOGELMAN, ESQUIRE
**GIBSON, DUNN & CRUTCHER, LLP**
Of Counsel for DraftKings, Inc.
333 South Grand Avenue, Suite 5400
Los Angeles, California, 90071
Telephone: (213) 229-7000
Fax: (213) 229-6234
aschwing@gibsondunn.com
tloose@gibsondunn.com
jfogelman@gibsondunn.com